### W. J. MADDOCK v. UNITED STATES

**No. 5469.**—Invoice dated Paris, France, June 26, 1939.
Certified June 28, 1939.
Entered at New York July 7, 1939.
Entry No. 702271.

(Decided October 16, 1941)

*Mary Rehan* for the plaintiff.

*Charles D. Lawrence*, Acting Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

OLIVER, Presiding Judge: This appeal to reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed by and between Paul P. Rao, Assistant Attorney General, attorney for the defendant and Mary Rehan, attorney for the plaintiffs, subject to the approval of the Court, that the merchandise covered by the reappraisement enumerated above consists of bottles similar in all material respects to the merchandise the subject of *United States* vs. *Guerlain Inc.* described in C. A. D. 146.

It is further stipulated and agreed that the said merchandise was appraised upon the cost of production under Section 402 (f) of the Tariff Act of 1930.

It is further stipulated and agreed that the issue with respect to said merchandise covered by the reappraisement enumerated above is the same as the issue involved in the case of *United States* vs. *Guerlain Inc. supra.*

It is further stipulated and agreed that:

The appraised value of the merchandise here involved, less the additions made by the importer on entry under duress to meet the advances of the appraiser in similar cases, is equal to the cost of materials, fabrication, manipulation, or other processes employed in manufacturing or producing such merchandise, plus the

usual general'expenses, plus the cost of all containers, coverings and other costs, charges and expenses incident to placing the merchandise in packed condition ready for shipment to the United States, and plus an addition for profit equal to the profit which ordinarily is added to the cost of merchandise of the same character by manufacturers or producers in the country of manufacture, who are engaged in the manufacture of merchandise of the same class or kind.

It is further stipulated that:

The merchandise subject of this stipulation is indicated in the following manner: All bottles coming within this stipulation and subject to the agreement of fact are indicated by the letter "A", initialed W. R. S. by Examiner W. R. Shapiro. All other merchandise, such as vaporizers, etc., appearing on these invoices is abandoned.

The reappraisements are waived as to all merchandise excepting bottles.

Upon the stated facts the cases are submitted.

On the agreed facts I find the cost of production, as that value is defined in section 402 (f) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved and that as to the bottles identified by the items marked A on the invoice and initialed W. R. S. by Examiner W. R. Shapiro, such values are the appraised values, less the additions made by the importer on entry under duress to meet the advances of the appraiser in similar cases.

The appeal having been waived insofar as it relates to all other merchandise, to that extent the appeal is hereby dismissed. Judgment will be rendered accordingly.